UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| IVAN GIBBONS, SR., and<br>IVAN GIBBONS, JR., | ) <br>) <br>) | CIV. 12-5035-JLV |
| Plaintiffs, | ) <br>) | ORDER ADOPTING REPORT<br>AND RECOMMENDATION |
| vs. | ) <br>) <br>) <br>) | AND OVERRULING<br>DEFENDANTS'<br>OBJECTIONS |
| VINCENT PILCHER,<br>NATE EISENMENGER,<br>CHIEF MEDEIROS,<br>CITY OF MARTIN, and<br>COUNTY OF BENNETT, | ) <br>) <br>) <br>) <br>) <br>) | |
| Defendants. | ) | |

**INTRODUCTION**

On June 5, 2012, Ivan Gibbons, Jr., ("plaintiff"), an inmate at the city jail in Winner, South Dakota, appearing *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging defendants used excessive force and engaged in racial profiling in connection with his arrest in Martin, Bennett County, South Dakota, on the evening of April 30, 2012. (Docket 1). Ivan Gibbons, Sr., appears as a plaintiff in the caption of the complaint, but his signature does not appear on the complaint. Id. The court already ruled Ivan Gibbons, Jr., may not represent his father. (Docket 6 at p. 1 n. 1). Mr. Gibbons, Sr., subsequently filed a letter indicating his presence at the location where his son's excessive force claim is alleged to have occurred. (Docket 13-1). The letter does not allege Mr. Gibbons, Sr., has an independent cause of action

against the defendants. Id. Again, the court will only consider the claims of Ivan Gibbons, Jr. (Docket 6 at p. 1 n.1).

Defendants filed the following motions challenging plaintiff's complaint: (1) a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) a motion to dismiss for insufficiency of process relating to defendant Vincent Pilcher; and (3) a motion to dismiss for insufficiency of process relating to defendant Bennett County. (Dockets 17, 19 & 21). The court referred the motions to Magistrate Judge Veronica L. Duffy for resolution pursuant to 28 U.S.C. § 636. (Docket 26).

On October 24, 2012, Judge Duffy issued a report recommending the court grant in part and deny in part defendants' motions. (Docket 29). Defendants timely filed objections and a brief in support of those objections. (Dockets 31 & 32). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

For the reasons stated below, defendants' objections are overruled and the court adopts the report and recommendation of the magistrate judge in full.

**DISCUSSION**

The magistrate judge made the following recommendations regarding defendants' motions:

>    1. Denying defendants' Rule 12(b)(6) motion relating to plaintiff's excessive force claim;
>
>    2. Granting defendants' Rule 12(b)(6) motion relating to plaintiff's racial profiling claim;
>
>    3. Granting defendants' Rule 12(b)(6) motion relating to all claims asserted on behalf of Ivan Gibbons, Sr.; and
>
>    4. Denying defendants' motions based on insufficiency of process.

(Docket 29 at pp. 26-27).

While defendants' objections include service of process matters, their brief focuses only on the objection to the magistrate judge's recommendation relating to plaintiff's excessive force claim. (Compare Dockets 31 and 32 at p. 2). Defendants' brief asserts "[a]s to Bennett County, the Magistrate may not have ruled on the 12(b)(6) motion because Bennett County had not yet been properly served and made a party to the case. Defendants will renew the motion to dismiss as to Bennett County if and when they [sic] are served correctly under the law." (Docket 32 at p. 2 n. 1). The brief makes no further reference to an objection concerning service of process on Mr. Pilcher. Magistrate Judge Duffy concluded there is "good cause for the defects in service of both Mr. Pilcher and Bennett County." (Docket 29 at p. 25). Because the defendants did not object to the report and recommendation legal conclusion that "good cause" exists to waive the defect in the earlier attempted service of process, that conclusion is adopted by the court. The issues of

sufficiency of service as to both Mr. Pilcher and Bennett County will be resolved once service is completed consistent with this order.

Defendants argue plaintiff's excessive force claim fails to meet the plausibility standard required by <u>Aschroft v. Iqbal</u>, 556 U.S. 662 (2009). (Docket 32 at p. 2). Having reviewed plaintiff's complaint and narrative of his allegations about what occurred on the night of his arrest, the court agrees with the magistrate judge's conclusion the allegations "are very specific factual allegations about how [plaintiff] thinks his constitutional rights were violated." (Docket 29 at p. 13). <u>See</u> Docket 1 & 1-1. Defendants' argument with plaintiff's allegations are not with their specificity, but rather that the "narrative describes nothing more than proper police procedure being performed in response to Gibbons' violent and threatening behavior." (Docket 32 at p. 4). "[W]hen there is an 'obvious alternative explanation' for a defendant's conduct, a plaintiff may be required to plead additional facts tending to rule out the alternative." <u>Id.</u> at p. 5 (citing <u>Iqbal</u>, 556 U.S. at 682).

The court finds Judge Duffy properly applied the "less stringent standards than formal pleadings drafted by lawyers" to plaintiff's *pro se* complaint. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Plaintiff's recitation of facts is "not so implausible as to allow the court to reach the conclusion that he cannot prove . . . his claim of excessive force." (Docket 29 at pp. 14-15). This analysis satisfies the plausibility standard required by <u>Iqbal</u>. 556 U.S. at 679.

4

The court finds the report and recommendation is an accurate and thorough recitation of the applicable case law.  The court further finds Judge Duffy's legal analysis is well-reasoned and defendants' objections are unpersuasive on the excessive force issue.

**ORDER**

Accordingly, it is hereby

ORDERED that defendants' objections (Dockets 31 & 32) are denied;

IT IS FURTHER ORDERED that the report and recommendation (Docket 29) is adopted in full.

IT IS FURTHER ORDERED that defendants' Rule 12(b)(6) motion (Docket 17) is denied in part and granted in part.  Defendants' motion relating to plaintiff Ivan Gibbons, Jr.'s, excessive force claim is denied, relating to plaintiff Ivan Gibbons, Jr.'s, racial profiling claim is granted, and relating to all claims asserted on behalf of Ivan Gibbons, Sr., are granted;

IT IS FURTHER ORDERED that defendants' motion to dismiss for insufficiency of process relating to defendant Vincent Pilcher (Docket 19) is denied without prejudice.

IT IS FURTHER ORDERED that defendants' motion to dismiss for insufficiency of process relating to defendant Bennett County (Docket 21) is denied without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall issue two new summonses–one for defendant Vincent Pilcher and one for Bennett County, South Dakota–to be given to the United States Marshals Service.

IT IS FURTHER ORDERED that the United States Marshals Service shall properly serve defendants Vincent Pilcher and Bennett County, South Dakota, in accordance with Fed. R. Civ. P. 4.

Dated August 29, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE